UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>DANIEL RAYMOND and MARIE ESTHER BLACK,<br><br>          Debtors.<br><br>DANIEL RAYMOND and MARIE ESTHER BLACK,<br><br>          Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | No. 10-05902-PCW7<br><br><br><br><br><br>Adv. No. 11-80008-PCW<br><br><br><br>MEMORANDUM DECISION RE:<br>UNITED STATES' MOTION TO DISMISS<br>AMENDED COMPLAINT |

THIS MATTER comes before the court on the United States of America's Motion to Dismiss Amended Complaint (Docket No. 7). The United States of America ("United States") on behalf of the Internal Revenue Service moves to dismiss the adversary proceeding because it is barred by the doctrine of *res judicata* and fails to state a claim on which relief may be granted.

The court has considered the motion, exhibits, objection, responses, reply, relevant affidavits and the oral argument of the parties.

On November 2, 2007, the United States filed a complaint in the United States District Court for the Eastern District of Washington against the Debtors/Plaintiffs and entities purported to hold title to properties. The action sought to reduce the Debtors'/Plaintiffs' tax liabilities to judgment and to

MEMORANDUM DECISION RE: . . . - 1

foreclose the federal tax liens against their property held nominally by those entities. Civil No. CV-07-355-RHW. On July 16, 2010, the District Court granted the United States' Motion for Summary Judgment, finding that Hope Springs was the nominee and alter ego of the Debtors/Plaintiffs and that Hope Springs held title to the property as nominee or alter ego of the Debtors/Plaintiffs. The District Court also found the property was subject to federal tax debts and ordered that the federal tax liens be foreclosed. The District Court held that despite the discharge obtained in Debtors'/Plaintiffs' 2001 bankruptcy petition (Case No. 01-06040-JAR7) filed in the United States Bankruptcy Court for the Eastern District of Washington, the federal tax liabilities were non-dischargeable under 11 U.S.C. § 523(a)(1).

In the current Motion to Dismiss this adversary, the United States argues that of the eight causes of action alleged in the Amended Complaint, claims one through seven were raised and resolved in the District Court case and are barred under the doctrine of *res judicata*. It further argues that claim eight fails as a matter of law and should be dismissed for failure to state a claim upon which relief could be granted.

Debtors/Plaintiffs argue that the claims of tax indebtedness were previously adjudicated and previously discharged by judgment and decree by the Bankruptcy Court in 2001. Debtors/Plaintiffs contend that they are entitled to the application of *res judicata* as to the order granting discharge, and that the District Court judgment is void as a matter of law.

The facts surrounding this dispute span several years and several bankruptcy and federal district court cases. As the Debtors/Plaintiffs have not objected to the facts recited in the background, but rather objected to the legal effect of the various court decrees and orders, this court adopts the factual background as set forth in the United States' Motion to Dismiss (Docket No. 7) and takes judicial notice of the orders attached thereto as exhibits.

The doctrine of claim preclusion holds that a final judgment on the merits of an action precludes the parties from relitigating issues that were raised, or could have been raised, in that action. Federated Depart. Stores, Inc. v Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428 (1981); In re Baker, 74 F.3d 906, 910 (9th Cir. 1996). For claim preclusion to apply, there must have been a final judgment on the merits, the prior action must have involved the same parties or their privies, and the prior action must have

involved the same claim. <u>Nevada v. United States</u>, 463 U.S. 110, 130, 103 S.Ct. 2906, 2918 (1983), citing <u>Cromwell v. Sac County</u>, 94 U.S. 351, 352 (1876).

In this case, the District Court case was brought by the United States against Debtors/Plaintiffs, and Debtors/Plaintiffs appeared and defended their interests. Thus, the requirement of identical parties has been met. A final judgment on the merits was entered by the District Court as a separate document. For *res judicata* to apply, the prior action must involve the same claims.

1. <u>Claim One - Tax Debts Were Discharged on November 15, 2001</u>.

Debtors/Plaintiffs allege that the taxes litigated in the District Court case were discharged by their 2001 bankruptcy. The District Court expressly ruled on this issue in its Order Granting Summary Judgment. (Exhibit 1 at pp. 12-13).

2. <u>Claim Two - Tax Liens Are Void As A Matter Of Law</u>.

Debtors/Plaintiffs claim that the assessments against them are invalid. The District Court found that the assessments were "based on well-founded determinations." (Exhibit 1 at pp. 11-12).

3. <u>Claim Three - Blacks Do Not Appear In The Chain Of Title To The Real Property</u>.

Debtors/Plaintiffs claim that they cannot be the owners of the subject property at issue in the District Court case because they do not appear in the chain of title on record with the county. The District Court specifically held that Debtors/Plaintiffs were the true beneficial owners. (Exhibit 1 at p. 17).

4. <u>Claim Four - The United States Violated Rules of Discovery</u>.

Debtors/Plaintiffs object to the District Court's denial of their Motion to Compel. The District Court ruled on this issue in its Order Denying the Motion to Compel. (Exhibit 2).

5. <u>Claim Five - The United States Failed to Seek Proper Authority To Commence Its Action</u>.

Debtors/Plaintiffs claim that the United States failed to secure required authorization before initiating the District Court case. The District Court specifically held that the United States had provided the required authorization. (Exhibit 3 at pp. 2-3).

6. <u>Claim Six - District Court Unlawfully Granted Summary Judgment With Five Pending Issues Of Material Fact</u>.

Debtors/Plaintiffs claim that the District Court granted summary judgment despite the existence of several genuine issues of material fact. The District Court specifically addressed and ruled upon the issue of the alleged existence of genuine issues of material fact. (Exhibit 1 at pp. 17 and 20).

7. <u>Claim Seven - The United States Engaged In Abuse Of Process</u>

Debtors/Plaintiffs claim abuse of process due to lack of authorization. The District Court ruled upon that issue. (Exhibit 1).

Claims one through seven in this adversary proceeding involve the same parties and the same claims that were resolved by the final judgment entered in the District Court case. Therefore, claims one through seven are barred by the doctrine of claim preclusion.

The only claim which is not barred by *res judicata* is the eighth cause of action; the claim that the tax lien merged with the judgment lien. When the United States obtains a judgment, the federal tax lien does not merge into the judgment or the judgment lien. <u>United States v. Overman</u>, 424 F.2d 1142, 1147 (9th Cir. 1970). The judgment merely confirms the validity of the tax lien. Thus, claim eight fails as a matter of law and should be dismissed.

In conclusion, based upon the foregoing, this court will **GRANT** the United States' Motion to Dismiss the Debtors'/Plaintiffs' Amended Complaint filed on January 25, 2011, and **DISMISS** the adversary proceeding.

*/s/ Patricia C. Williams*
Patricia C. Williams
Bankruptcy Judge

04/27/2011 11:29:51

MEMORANDUM DECISION RE: . . . - 4